UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUANE L. BERRY, #90937,

    Petitioner,                                      Civil Action No. 19-CV-10155

vs.                                                 HON. BERNARD A. FRIEDMAN

UNITED STATES ATTORNEY
GENERAL, et al.,

    Respondents.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING WITHOUT
PREJUDICE THE PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner is a state pretrial detainee[1] at the Wayne County Jail in Detroit, Michigan, who has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner challenges his ongoing federal criminal prosecution in *United States v. Berry*, No. 15-cr-20743 (E.D. Mich.), in which he is charged with intent to convey false and misleading information in violation of 18 U.S.C. § 1038(a). He raises speedy trial and ineffective assistance of counsel claims and asserts that he is being held in violation of his constitutional rights. Petitioner is represented by counsel in his federal criminal case, which is pending in this district before Judge David M. Lawson.

A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, RULES GOVERNING § 2254 CASES. After reviewing the instant habeas petition,

---

[1] Petitioner is being held as a pretrial detainee in *People v. Berry*, Wayne Co. Cir. Ct. No. 17-005237-01-FH, in which he is charged with malicious destruction of a building in violation of Mich. Comp. Laws § 750.3803.

the Court concludes that it should be dismissed because the claims are not properly raised in a § 2241 action at this time.²

A criminal defendant generally may not challenge a pending federal prosecution through a petition for a writ of habeas corpus. *See Jones v. Perkins*, 245 U.S. 390, 391 (1981) ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). A habeas petition brought pursuant to 28 U.S.C. § 2241 is an inappropriate remedy for a federal pretrial detainee to allege that he is being held in custody in violation of his right to a speedy trial or other constitutional trial rights. *See Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) (internal citation omitted). "[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court." *Id.* When a federal pretrial detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted before the trial court and on direct appeal before habeas corpus relief may be available. *See Sandles v. Hemingway*, 22 F. App'x 557 (6th Cir. 2001) (internal citations omitted).

In the present case, petitioner's speedy trial and ineffective assistance of counsel claims would be dispositive of his pending federal criminal charge. Consequently, petitioner must exhaust those claims before the trial court and on direct appeal before seeking federal habeas relief. The Court shall therefore dismiss the habeas petition. This dismissal is without prejudice to petitioner raising the claims

---

² The Court notes that petitioner has challenged his federal prosecution in prior federal habeas petitions and that these petitions have been dismissed. *See, e.g.*, *Berry v. Sessions*, No. 2:18-cv-11678 (E.D. Mich. July 9, 2018) (Hood, J.); *Berry v. Stephenson, et al.*, No. 2:18-cv-10876 (E.D. Mich. Apr. 30, 2018) (Drain, J.).

in his federal criminal case and any related appeals.

For the reasons stated above, the Court finds that petitioner may not proceed with his habeas petition brought pursuant to 28 U.S.C. § 2241 at this time. Accordingly,

IT IS ORDERED that the petition for a writ of habeas corpus is dismissed without prejudice.

|  |  |
|---|---|
| Dated: March 14, 2019<br>Detroit, Michigan | s/Bernard A. Friedman<br>BERNARD A. FRIEDMAN<br>SENIOR UNITED STATES DISTRICT JUDGE |

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2019.

s/Johnetta M. Curry-Williams
Case Manager

Duane L. Berry, #90937
38742 Bramham
Clinton Township, MI 48038

3